[No. 2,548.]

## THE SOUTH BEACH LAND ASSOCIATION *v.* R. CHRISTY, C. BERGLE, and J. BEISEL.

Party not Amenable to Writ of Restitution.—A party in the actual possession of land at the commencement of an action of ejectment, and holding adversely to the plaintiff, is not amenable to a writ of restitution issued in the action to which he was not a party.

Colorable Possession of Land.—Where a defendant in ejectment has taken possession of land in collusion with the plaintiff, for no other purpose than to afford such plaintiff a pretext to take possession under a writ of restitution, such pretended possession will be disregarded.

Writ of Restitution.—If a Sheriff has wrongfully turned a person out of possession of land under a writ of restitution, he will be restored by the Court to the possession, on motion made for that purpose.

Reception of Irrelevant Testimony.—An order will not be reversed by the appellate Court on account of the reception of irrelevant testimony, if its reception does the appellant no harm.

Appeal from the District Court of the Twelfth Judicial District, City and County of San Francisco.

In 1870 the plaintiff obtained a judgment by default against Robert Christy, C. Bergle, and J. Beisel, in an action for the recovery of the possession of a tract of land on the Potrero Nuevo, in San Francisco, known as the Robinson tract. A writ of restitution was issued on the judgment, and the Sheriff, by virtue of the same, removed Rowland Chatham from the land. He moved the Court, on affidavits, to be restored to the possession. The affidavits showed his possession adversely to the plaintiff when the suit was commenced, and that the defendants colluded with the plaintiff to have the suit brought, and consented to the judgment, and that Christy pretended for a short time to be in possession of the land, in order to give the plaintiff a pretense to serve the writ of restitution on him and also to turn out Chatham.

The respondent, for the purpose of showing collusion, was allowed to put in evidence the pleadings in an action of ejectment for the same land by *John Bensley* and *Frederick Mason* v. *Robert Christy* and *J. W. Farrington et al.*, brought in the Twelfth District Court, transferred to the Seventh District Court, and still pending. The Court below granted the motion, and the plaintiffs appealed.

*Whiting & Naphtaly*, for Appellants.

The order setting aside the execution of the writ of possession in this cause, as to Rowland Chatham, should be reversed, because the defendant in the writ was in possession at the time of the execution of the writ. The writ was executed regularly and in good faith. If Chatham has any rights, his remedy is by action.

The Court erred in admitting to be read, upon this motion, the papers in *Bensley* v. *Christy et al.*, and in overruling the objections thereto, because appellant was not a party to that action—could be neither bound nor affected by the statements therein contained.

*Wilson & Crittenden*, for Respondent.

The Court finds that the respondent was in possession of the premises at the commencement of the action, and that he was wrongfully dispossessed; and this finding is in strict accordance with the facts. The respondent was not a party to the action, and was not holding under or in privity with any of the parties thereto. The proceedings by which the respondent was dispossessed, including the action and judgment, were concocted, carried on, and consummated by the plaintiff and defendants as a fraudulent and collusive scheme to get possession of the premises; and the papers in the case of *Bensley & Mason* v. *Christy, Farrington*, and others, tend to establish these facts, and were properly given in evidence. It appears from them that the attorneys for the plaintiff in this action are the attorneys for Christy and Farrington in that case; and that there they are making a strong and persistent defense. Here, however, the plaintiff has been allowed to take judgment by default; the action being commenced and the judgment rendered during the pendency of the other case. The inference of collusion is irresistible; but there is additional evidence of the fact. In order that the service of the writ should be easy and unobstructed, it was necessary that some preliminary arrangements should be made, and Christy appears as the man to make them. He found a person who was willing to serve him in the character of tenant, and this person, being surreptitiously introduced upon the premises, was found there when the Sheriff went to serve the writ; and on answering that he was the tenant of Christy, the Sheriff turned him out, together with several head of cattle belonging to the respondent. Comment is unnecessary. The whole matter was a fraudulent and collusive contrivance, of which the respondent was the unfortunate victim.

If the Court should hold that the papers in *Bensley* v.

*Christy* were inadmissible, we claim that the error could not have prejudiced the plaintiff, the case being fully made out by other evidence. The only question is, whether the respondent was properly dispossessed, and the facts show clearly that he was not. The law applicable to these facts has been laid down by the Court in numerous cases. (*Watson v. Dowling*, 26 Cal. 125; *Fevis* v. *Ellis*, 25 Cal. 515; *Rogers* v. *Parish*, 35 Cal. 128.)

By the Court, CROCKETT, J.:

This appeal is from an order, restoring the respondent to the possession of a piece of land, from which he was removed under a writ of restitution issued in an action to which he was not a party. The proof shows satisfactorily that he was in the actual possession at the commencement of the action, holding adversely to the plaintiff, and of course was not bound by the judgment or amenable to the writ of restitution issued thereon. It is equally plain on the proofs that the pretended and colorable possession of Christy was collusive, and that his nominal and temporary occupation, such as it was, had no other purpose than to afford a pretext to the plaintiff, on which the possession might be taken under the writ. If the Court improperly admitted in evidence the record in the case of *Bensley* v. *Christy et als.*, it was an error which did the appellant no injury, inasmuch as there was ample evidence without this to justify the order restoring the respondent to the possession.

Order affirmed.