## HARRIET N. MILLER *et al.*

### *v.*

## MARY WHITE.

1. PROCESS—*how far a justification to an officer serving the same.* An officer armed with a writ of restitution issued by a justice of the peace in a forcible detainer suit, where the justice has jurisdiction, may enter the premises forcibly in order to execute the writ, and, having so entered, it is his duty to remove whatever chattels or property may be in the house, doing as little damage as possible to effect the purpose, and which will be the nat-

ural consequence of his duty to remove the same, and he will not be liable, unless he shall wantonly injure the chattel property.

2. WRIT OF RESTITUTION—*when a protection as against one not a party to the suit.* Where judgment is rendered in favor of a landlord against his tenant for the possession of demised premises, in an action of forcible detainer, for holding over after the expiration of the term, and such tenant, by collusion, sublets the premises to another person, he remaining in the same as before, and the subletting is secret and unknown to the landlord at the time of the suit, and such sub-tenant is dispossessed, the latter will not be entitled to maintain an action against the landlord and officer in trespass for executing the writ of possession; and the same rule applies if the subletting is a mere pretense to hold the possession through another.

3. EVIDENCE—*marriage may be shown by reputation.* Proof of actual marriage is required in two cases only: in a prosecution for bigamy, and in an action for criminal conversation. In other cases the presumption of marriage may be indulged in from cohabitation, name, reputation, and other circumstances.

4. In trespass by a woman for breaking and entering her house, removing her goods and chattels, and dispossessing her under a writ of restitution, issued upon a judgment in a forcible detainer case against the lessee after the expiration of the term, the plaintiff claimed to be a sub-lessee, although the original tenant still continued in occupancy as before and furnished the supplies; on the trial the defendants offered to prove, by general reputation in the neighborhood, that the original tenant and the plaintiff, if not, in fact, married, were cohabiting on the premises as man and wife, which the court refused to admit: *Held,* that the court erred in rejecting the evidence.

5. FORCIBLE DETAINER—*when sub-lessee bound by judgment to which he is no party.* Where a tenant of a demised building secretly sublets the same to another person living with him, without the knowledge of the landlord, and both occupy the premises as before, and such sub-lessee, when examined as a witness on the trial of an action of forcible detainer against the original lessee, makes no claim to the property, the sub-tenant, after judgment for possession, will not be allowed to interfere and set up her rights there for the first time, but will be bound by the judgment.

6. MEASURE OF DAMAGES—*dispossessing sub-tenant under writ against tenant.* A sub-lessee of a boarding house, having no right to the occupation of the premises after the expiration of the original lease, if expelled on process to which he is no party, is not entitled to damages arising from being deprived of his business of keeping boarders in the premises. He can, at most, recover only for the actual injury done to his property in removing the same from the premises.

7. TRESPASS—*expulsion under writ against another.* If one not a party to an action of forcible detainer against a tenant is expelled under a writ of restitution, and such party is not, in fact, a sub-tenant, but was occupying

the premises with the tenant, or for him, or under his lease, then such party can not recover in trespass for being dispossessed, when the court issuing the writ had jurisdiction.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. WOOD & LOOMIS, for the appellants.

Mr. M. D. BROWN, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was trespass *quare clausum fregit*, brought to the April term, 1875, of the Superior Court of Cook county, by Mary White, plaintiff, and against Harriet N. Miller and Frank A. Draffin, defendants.

The declaration contained one count, in which it was charged that on or about the last day of June, 1871, the defendants, with force and arms, broke and entered a certain dwelling house in the possession and occupancy of the plaintiff, situate in the county of Cook, and then and there made a great noise and disturbance therein, and stayed and continued therein, making such noise, etc., for one day, and then and there forced and broke open, broke to pieces and damaged divers, to-wit: two windows of and belonging to said house, with its appurtenances, and broke to pieces and damaged and spoiled divers locks, staples, etc., belonging to said windows, of great value, etc.; and, also, on the same day, with force and arms, seized and laid hold and took divers goods and chattels, to-wit: two easy chairs, one sofa, etc. (describing all the articles), and a large lot of other household furniture, and books and personal property, "in and at said dwelling house of the said plaintiff, there being found and being in said dwelling house, and being of great value, to-wit: of the value, etc., and carried away same, and threw and cast the same down to and upon the sidewalk and the street in front and adjoining said dwelling, and then and there broke, damaged and injured, and bruised and broke to pieces said goods and chattels and furniture; by means of

the said several premises, the said plaintiff and her family were, during all the time aforesaid, not only greatly disturbed in the peaceable possession of the said dwelling house, but was also being, all that time, hindered and prevented from carrying on and transacting her necessary and lawful affairs and business, and her said business, to-wit: that of keeping a boarding house, was then and there wholly destroyed, broken up and ruined," etc., and other wrongs to the said plaintiff then and there did, to her damage, etc.

Draffin pleaded the general issue, and Mrs. Miller demurred generally to the declaration. She also pleaded the general issue, which was a waiver of the demurrer, and, thereupon, it was stipulated that the said defendant might, upon the trial, make the same defense, and introduce any proof she might desire to introduce under the general issue which she might have introduced under special pleas.

The cause was submitted to a jury, resulting in a mis-trial. On the second trial, the jury, under instructions, found the defendants guilty, and assessed the damages at one thousand dollars.

The defendants entered their motion for a new trial, which was denied, and judgment rendered on the verdict—to reverse which the defendants appeal.

The premises on which the trespass is charged are not otherwise described in the declaration than as " situate in the county of Cook;" in proof they are shown to be a three-story framed dwelling house, known as No. 45 Wells street, now Fifth avenue, the property of appellant Harriet N. Miller.

The trespass, of which complaint was made, was the execution of a writ of restitution, by Draffin, a constable.

It was agreed, that on June 28, 1871, the defendant Mrs. Miller recovered a judgment in an action of forcible detainer before Enoch G. Hook, a justice of the peace in and for said county, for the restitution of the premises in question, against Alexander Breed; that a writ of restitution was regularly issued upon said judgment, and placed in the hands of defendant Draffin, by order of Mrs. Miller; that Draffin was then, and

ever since has been, a constable in and for said county, and that under said writ of restitution Draffin dispossessed said plaintiff of said premises, under direction of Mrs. Miller.

There is no question of jurisdiction in the court rendering the judgment in the action of forcible detainer, and in issuing the writ of restitution, or of the power and authority of the officer to execute it.

That an officer armed with such a writ can enter forcibly, in order to execute it, is settled by all the authorities, and, when having so entered, it is his duty to remove whatever chattels or property may be in the house, doing as little damage as possible—no more than is necessary to effect the purpose, and which would be the natural consequence of a hasty removal. By the writ, the landlord or owner is to be put in full possession, not of the chattels that may be found therein, but of the premises only, divested of such property as may be found therein. Should the officer wantonly injure the chattel property, he would be liable to the extent of the injury. This doctrine is fully sanctioned by *Page* v. *De Puy*, 40 Ill. 506.

But, it is said, the premises had been sublet to appellee, and she was no party to the judgment in the forcible entry and detainer case against Breed—that she was in the sole and exclusive possession of the same.

The claim of the plaintiff in the action rested on the allegation that she had sublet the premises of Breed, and was not a party to the proceedings in the action of forcible detainer, on which the writ of restitution issued. and she was not named in the writ under which the alleged trespass was attempted to be justified. It is true, there is no plea of justification by this appellant, but, under the stipulation in the cause, it is claimed appellant had a right to resort to this writ under her plea, as matter of defense.

The ground assumed by appellant is, that this claim of appellee, that she was a sub-lessee, was mere pretension; that Breed was, in fact, the head of the establishment, and the only necessary party to the proceedings in the action for forcible

detainer; that the writ of restitution could only issue against him, he being the only party in privity with appellant.

These were the important points in the case. There was no question the premises were leased by appellant to Breed for one year, and the year had expired, and he alone was accountable to her for the stipulated rent. It is in proof appellant had refused to lease to appellee, on her application for a lease, and, after the leasing, Breed, the lessee, continued all the time in the actual occupancy of the premises, paying the rent and furnishing supplies. The theory of the defense was, that Breed and appellee were cohabiting on these premises as man and wife, or in such relation as to constitute him the head of the establishment.

Appellee was at the head of the table, on one occasion, and was addressed as Mrs. Breed, to which she responded. It was proved by the officer, when he went to serve the writ of restitution, on inquiry for Mr. Breed, he was informed by the daughter of appellee, a young woman, nearly or quite grown, that he had gone out, and, on inquiring for Mrs. Breed, the same person informed him "she had also gone out." And he further testified that Breed was at the house when he was about to serve the writ; and it was also in proof that appellee said, some time before this occurrence, that she expected to be married to Breed. Appellant proposed to prove, by general reputation in the neighborhood, that Breed and appellee, if not in fact married, were cohabiting on these premises as man and wife. This proposition was rejected by the court, and this ruling is the first error assigned.

It seems to us, the court, in rejecting this testimony, erred. We do not now remember but two cases in which proof of actual marriage is required—the one is in a prosecution for bigamy, the other in an action for criminal conversation. In other cases, the presumption of marriage may be indulged from cohabitation, name, reputation and other circumstances. Had this testimony been received, it is not at all probable such a verdict would have been rendered. Indeed, it could not have been rendered, for, if she occupied the position sought to be

established against her, the pretense of being a sub-lessee would have been entirely destroyed. There was no written evidence of a sub-letting by Breed. This claim has very much the appearance of collusion between these parties, Breed and appellee, to deprive appellant of her rights. Appellee was examined as a witness, on the trial of the detainer suit, and made no claim of any right she had to the premises, and to the officer, when serving the writ of restitution, she made no claim to remain on the premises, but said she would move out, quietly and peaceably, by two o'clock.

But suppose appellee was, in fact, a sub-tenant of Breed, how could appellant know it? She, at no time, was so advised. Breed was living on the premises let to him, making his home there, and there was no one else, in the knowledge of appellant, who could be made a party to the forcible detainer proceedings but Breed, the lessee. It can not be tolerated, that a tenant, by written lease, as in this case, by secret arrangement, constitute another his sub-tenant, and, after judgment is obtained against the lessee, insist he is not bound by the judgment, as he was not a party to the proceedings. If this was the law, but few owners of property of this description would be willing to lease it. Breed was the tenant of appellee; he was notified, judgment passed against him, and it is not competent for another party now to interfere and claim that she is a sub-tenant. Was she alone in the occupancy of these premises, there might be some color for the claim that she should have been made a party. But she was not. Breed occupied the premises with her. They were his home, and appellant had no knowledge of this alleged subletting.

But, on the theory appellee was a sub-tenant, the lease had expired, and her rights in the premises were gone. What, then, was the proper measure of damages? They are complained of as excessive, and we are of that opinion. It can not be that appellee is entitled to damages arising from her business on these premises being broken up. She had no right as a sub-lessee to occupy the premises as a boarding-house after the lease had expired. Her business on these premises terminated on the

first day of May, 1871. The jury must have allowed her for breaking up her business, when, in fact and in law, she could carry on no business on these premises after that day. For all else, the proof is quite satisfactory that a few dollars would compensate her for all other losses and injury. No greater damage was done the articles removed than usually attends the removal of such goods.

We make no comment on the instructions given for appellee.

In the view we have taken of the case, we are of opinion this instruction for appellant should have been given, and it was error to refuse it:

"The court instructs the jury that the main question in this case to be determined is, whether the plaintiff was a sub-tenant of the premises, occupying the same under a lease from Breed, or whether she was occupying the same for Breed and under his lease from the defendant Mrs. Miller. If the jury find, from the evidence, that the alleged lease from Breed is only a pretense, and in fact never had any existence, but that the plaintiff was occupying the premises with Breed, or for him, and under his lease, then the law is for the defendants, and the plaintiff can not recover."

For the reasons given the judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed.*