TERRITORY, FOR USE OF KENNA, BY ATTORNEYS, respondent, *v.* Cox, appellant.

ACTION AGAINST DELINQUENT EXECUTOR — *infant devisee.* Under the act of February 11, 1876, and section 280, page 366 of Codified Statutes of 1872, an action upon the bond of an executor by an infant devisee may properly be brought in the name of the Territory, to the use of the infant by his attorneys lawfully authorized.

PARTIES TO THE ACTION. Any person interested is authorized to bring such action upon the bond of a delinquent executor, nor does it need the intervention of an administrator *de bonis non,* a settlement and decree of distribution to authorize a devisee to maintain such an action, especially when it appears that such devisee is the only person interested.

STATUTE OF LIMITATION. Where letters of administration were revoked February 24, 1869, an action was begun in behalf of the infant devisee February 4, 1876 ; the same is within the time limited by statute. A change in the parties to the action by substitution of attorneys of record for guardian *ad litem* is not the commencement of a new action so that the original one became barred by the statute.

PLEADING. In pleading the judgment of a court of competent jurisdiction, it is sufficient to aver that the same was duly given or made, without setting forth the facts conferring jurisdiction.

*Appeal from First District, Madison County.*

This cause was tried in the court below by Blake, J., and the facts appear sufficiently in the opinion of the court.

Chumasero & Chadwick, for appellants.

Complaint does not show that the necessary steps were taken to revoke the letters of administration. The averment "duly revoked" is insufficient. Cod. Sts. 321, § 35 ; 323, § 49 ; *Beach* v. *King,* 17 Wend. 197 ; 13 How. 413 ; 7 Barb. 206.

The proper foundation was never laid to begin the action. There should have been an administrator *de bonis non* appointed for the purpose of settling the accounts and making distribution. Cod. Sts. 323, §§ 45–9 ; 365, § 277 ; 319, § 18 ; *Willson* v. *Hernandez,* 5 Cal. 443 ; *Haynes* v. *Meeks,* 20 id. 308 ; Redf. on Sur. 347.

There could be no action by a legatee till distribution and a demand. 14 Mass. 431 ; 3 Pick. 219 ; 2 Blackf. 52.

There could be no action maintained by an infant without a guardian. Cod. Sts. 28, § 9 ; 364, §§ 268, 271 ; 24 How. 202.

The action was barred by Statute of Limitations. Cod. Sts. 323, § 48.

E. W. Toole and W. W. Dixon, for respondents.

The statute permits this action in the name of any party interested. The minor heir, M. J. Kenna, is alone interested. The statute further provides that the interested party may sue in the name of the Territory. Cod. Sts. 366, § 280.

If the interested person is a minor he may sue by his attorney. 9 Sess. Laws, 114, § 1.

No demand was necessary. *Halleck* v. *Moss,* 22 Cal. 266 ; Harston's Pr. 158.

Any defective allegations of material facts will be deemed cured by verdict and judgment. *Russell* v. *Mixer,* 42 Cal. 475 ; Pom. on Rem., §§ 548–550 ; *Fabian* v. *Collins, post,* 215.

The only question here is, did a cause of action arise on account of the breach assigned, considering the same after verdict and

judgment. *Smith* v. *Holmes*, 19 N. Y. 271; 9 Cal. 268; 14 Pet. 44; 1 Mon. 333–4.

The Statute of Limitations runs from the date of the revocation of the letters of administration, and not from the time the cause of action accrued. Cod. Sts. 323, § 48.

WADE, C. J. This is an action upon the bond of an executor, prosecuted in the name of the Territory, to and for the use of a minor heir and devisee, by his attorneys. The questions presented by the appeal arise upon the complaint, and by the averments thereof it appears that on the 26th day of December, 1864, one Thomas M. Kenna, late of Madison county, departed this life, leaving a will in which the defendant Jacob B. Cox was named executor, which will was duly admitted to probate, and on the 12th day of January, 1865, Cox accepted the trust and qualified as executor, and gave bond as such, conditioned according to law, in the sum of $5,000, with the defendants Clarke and Ewing as his sureties, whereupon letters testamentary were duly issued to such executor; that the executor received from the estate of the testator, soon after his appointment, the sum of $7,747.74, and that he paid out for costs of administration and for debts due from the estate the sum of $2,083.91, which included all costs and charges of administering said estate, and all debts due or to become due therefrom, and that he paid to Martin Joseph Kenna, a minor residing in the Dominion of Canada, to whose use the action is prosecuted, and is alleged to be the sole devisee of said testator, Thomas M. Kenna, and entitled to the whole of said estate after the payment of the debts thereof, the sum of $500; that on the 24th day of February, 1869, the said letters testamentary were duly revoked, and that no administrator *de bonis non*, with the will annexed or otherwise, was thereafter appointed upon said estate; that Cox, during the time he acted as such executor, " did not faithfully and honestly execute the duties of his said trust according to law, for that he did misapply the assets and every part thereof of said estate (except the sum of $2,583.91, paid as above stated), and did apply and appropriate the same to his own use and benefit; that is to say and the

plaintiffs charge, that in the month of March, 1867, after the execution of said bond, said executor then having in his possession assets of said estate amounting to the sum of $6,423.45 in excess of all costs, charges and claims against the estate, and over and above all payments made by him, did so as aforesaid misapply and misappropriate said assets, and that said executor and the sureties upon his bond, and each of them, have wholly failed, neglected and refused to account for or pay over the assets of said estate so misappropriated and misapplied, but that such executor, since the month of March, 1867, has had and held to his own use, and does now so hold, all of the assets of said estate."

Upon these facts the defendants and appellants say :

1. That the action was not commenced by any party who could lawfully maintain the same.

2. That no breach of the bond has been alleged, first, because the allegation, that the letters testamentary " were duly revoked," is insufficient; and, second, because the facts stated show that the estate has not been fully administered and yet remains unsettled, and that before such breach could take place, an administrator *de bonis non*, with the will annexed, should have been appointed to demand and collect the assets of the estate and make final settlement and distribution thereof ; and, third, because a devisee or distributee of an estate cannot maintain an action against an executor or administrator upon his bond until there has been a final accounting and a demand made for the legacy or distributive share ; and, fourth, because if there had been a final settlement and order of distribution made, then this action should have been brought by the guardian duly appointed by the court in the county of Madison, the said Martin J. Kenna being an infant residing in a foreign country, which guardian alone would have authority to have demanded and received the legacy of his ward.

3. That the action was barred by the Statute of Limitations.

First. The complaint shows that all the expenses and charges of administration and all the debts owing by the testator had been fully paid and discharged by the executor before the revocation of his letters testamentary ; that the only duty left unperformed by the executor was that of paying over the money in ·

his hands belonging to the estate to the person entitled to receive the same ; and that Martin J. Kenna, the only child of the testator, for whose use and benefit this action is prosecuted, is an infant and the sole heir and legatee of the testator, and therefore the only person interested in the estate.

The statute in force when this action was commenced provided, that " the bond of any executor or administrator may be sued on the instance of any person injured, in the name of the people of the Territory of Montana to the use of such party, for the waste or mismanagement of the estate or other breach of the condition of such bond." Cod. Sts. 366, § 280. See, also, p. 319, § 18, wherein the condition of the bond of an executor is recited, followed by the provision, " on which bond suit may be brought in the name of the People of the Territory of Montana by and to the use of any person injured by said executor in any court of said Territory having jurisdiction."

Martin J. Kenna being the only person interested in the estate and having the right under the statutes cited to bring an action on the bond of the executor in the name of the People of the Territory for the waste and mismanagement of the estate or for other breach of the conditions of the bond, but being a minor how should such action be instituted ? The Practice Act in force on the 4th day of February, 1876, when the action was commenced, provided (§ 9) that " when an infant is a party, he shall appear by guardian who may be appointed by the court in which the action is prosecuted, or by a judge thereof, or a probate judge."

Accordingly the action was commenced in the name of the Territory to the use of the minor by his guardian *ad litem.*

But on the 11th day of February, 1876, the following statute for the relief of minor heirs became a law : " Section 1. That any minor heir or heirs, either resident or non-resident, of this Territory may commence and prosecute any suit or suits against any executor or administrator and sureties upon the bond of such executor or administrator, by attorney or next friend, and without the prepayment of costs or security therefor."

Afterward on the 28th day of March, 1876, the plaintiff filed

his motion and affidavit for the substitution of the attorneys of record of said Martin J. Kenna for I. C. Smith, his guardian *ad litem*, which motion was granted, and the plaintiffs thereupon filed their amended complaint, making such substitution ; and under the act of February 11, 1876, and § 280, p. 366 of Cod. Sts. above cited, we think that an action upon the bond of an executor by an infant devisee is properly brought in the name of the Territory to the use of the infant, by his attorney lawfully authorized in the premises.

Second. The next proposition grows out of the first one, that this devisee, after the revocation of the letters testamentary, has not the right to institute this action in the manner designated or otherwise, and in effect is, that upon the revocation of the letters testamentary, an administrator *de bonis non* with the will annexed should have been appointed, whose duty it would have been to have commenced this action and collected the assets of the estate, and that not until such administrator had rendered his final account, and a distribution of the estate had been ordered, could the heir or devisee sue for his distributor's share or legacy, and that such suit in the case of a minor should be by guardian *ad litem*.

This proposition must fall with the foundation upon which it rests. Any one interested in an estate has the right at any time, either before or after an accounting, and whenever a breach of the bond of an executor or administrator occurs, to bring an action upon such bond. Cod. Sts. 366, § 280.

The statute further provides that if the letters of an executor be revoked, he or his sureties shall account for, pay and deliver to his successor all the property of the estate, and that such succeeding administrator may proceed at law against the delinquent and his sureties, or either of them, or any other person possessed of any part of the estate. Cod. Sts. 323, §§ 46--7. But this statute is not in conflict with section 280, above cited, nor does it deprive any one interested in the estate of the right at any time to commence an action upon the executor's bond to recover the estate whenever the same has been misapplied or misappropriated. This right exists with and belongs to any creditor, devisee or distribu-

tee of an estate. If a breach of the bond occurs either before or after the debts of the estate are paid, or before or after a final accounting and order of distribution, such creditor, devisee or heir may, by an action on the bond, protect and save the estate for those to whom it legally belongs.

The theory upon which an administrator *de bonis non* upon an estate is required, on the resignation or removal of an executor or administrator, is that the estate has not been fully administered; that there are assets to collect and debts to pay, but where, as in the present case, the executor, before the revocation of his letters testamentary, had collected all the assets of the estate and reduced the same to money, and had paid all the debts owing by the testator, and the expenses and charges of administration, and there was left in his hands a sum of money that belonged to the devisee of the will, which the executor had wrongfully converted to his own use, we see no reason why such devisee, in the manner authorized by statute, may not bring his action upon the executor's bond, to recover the money so wrongfully converted. Indeed the statute (§ 280) definitely and plainly gives this right, if a wrongful conversion of an estate by an executor to his own use is a breach of his bond, and of this there can be no doubt.

Nor do we think that where there has been a wrongful conversion to his own use of the property of an estate by an executor, a demand is necessary before bringing an action.

Even if an allegation of demand were necessary, the plaintiff seems to have attempted to make such allegation, but made it imperfectly, and the defendants failing by motion to require such averment to be made more certain and definite are deemed to have waived the objection thereto. The complaint avers, after charging that the executor misappropriated and converted the estate to his own use, that he and his sureties wholly failed, neglected and *refused* to account for and pay over the same. A *refusal* to pay presupposes a *demand* to pay. The averment is informal, imperfect and incomplete, but the right to object thereto is waived by failing to make the proper motion. On this subject Mr. Pomeroy says: "The true doctrine to be gathered from all the cases is, that if the substantial facts which consti-

tute a cause of action are stated in a complaint, or can be inferred by reasonable intendment from the matters which are set forth, although the allegations of these facts are imperfect, incomplete and defective, such insufficiency pertaining, however, to the form rather than to substance, the proper mode of correction is not by demurrer, nor by excluding evidence at the trial, but by a motion before the trial to make the averment more definite and certain by amendment." Pomeroy's Remedies, § 549, and authorities cited. There being no motion of this kind and no objection to the introduction of evidence under the defective averment, we may, therefore, conclude that a demand was duly proved, though we hold the same not necessary in case of an unlawful conversion of property.

We therefore hold that the proposition advocated by appellants, that when an executor has collected all the assets of an estate and paid all the debts and expenses of administration, and has remaining in his hands a sum of money belonging to a devisee in the will, which money the executor wrongfully and fraudulently converts to his own use, and leaves the country, it is necessary in all cases to have appointed an administrator *de bonis non*, to collect the assets of the estate, so wrongfully converted, by bringing suit upon the executor's bond, and when collected, that an order of distribution be made before the devisee could take any steps to protect his interest in the estate, cannot be maintained.

Undoubtedly, it would be proper to have an administrator *de bonis non*, and to have him institute the action upon the executor's bond, but an action upon the bond is also given directly to the devisee, and where the estate has been fully settled, and there remains nothing to do but to hand over to the devisee his legacy, and he is the only one interested in the estate, it is useless to resort to the appointment of an administrator *de bonis non*. In such a case a devisee may sue upon the bond and recover his legacy. For the same reason, a creditor, before the debts of the estate have been paid, may bring an action thereon to recover the amount of the executor's default; and in such case, upon the revocation of the letters testamentary,

an administrator *de bonis non* would be appointed to receive the amount so recovered and administer the estate.

The applicants do not question the sufficiency of, or the form in which the breaches of the condition of the bond are assigned, and we therefore make no comment thereon further than to say that such general averments are probably good after verdict and judgment.

Third.. The action was commenced on the 4th day of February, 1876. The letters testamentary were revoked on the 24th day of February, 1869. The action was not barred by the statute, which provides that : " All such suits against securities shall be commenced within seven years after the revocation or surrender of the letters or the death of the principal." Cod. Sts. 323, § 48. The cause of action existed in favor of this minor child and devisee on the 4th day of February, 1876, when the original complaint was filed, and the mere substitution, after the expiration of the seven years, of the attorneys of record of the beneficiary, for the guardian *ad litem* by whom the action was thereafter prosecuted in compliance with the statute, was not the commencement of a new action so that the same became barred by the statute. The change was a formal matter only, not affecting the cause of action or the person for whose use the same was prosecuted.

Fourth. The averment in the complaint that the letters testamentary granted to Jacob B. Cox were by the probate court of Madison county duly revoked, is attacked as insufficient, because it does not show that the necessary steps were taken to cause such letters to be revoked. The averment that the letters were " duly revoked " by a court of competent jurisdiction is sufficient under the sixty-seventh section of the Practice Act of 1872, under which the complaint was drawn, and which provides that in pleading a judgment or other determination of a court or officer of special jurisdiction, it shall not be necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made.

The authorities cited by appellants are not applicable to a case arising under this statute.

The judgment is affirmed with costs.

*Judgment affirmed.*