EDDY ET AL., respondents, *v.* KENNEY ET AL., appellants.

CHATTEL MORTGAGE — *Retention of possession — Breach of condition.* — A mortgage of personal property provided that the same should remain in the possession and under the control of the mortgagors until the maturity of the note secured thereby and default made in the payment of the same upon the following conditions, to wit: that the mortgagors should not dispose of the property, or any part thereof, or remove, or suffer it to be removed from the county, or allow it to be taken from their possession by legal process or otherwise, and that any violation of such conditions would authorize the mortgagee to take immediate possession of said property. *Held,* that such conditions were legal and valid; and upon a breach thereof, by reason of an attachment at the instance of creditors of the mortgagors, the mortgagee became entitled to the immediate possession of the property. •

*Appeal from Second District, Missoula County.*

ROBINSON & STAPLETON, for appellants.

Prior to act of February 19, 1881, the law did not require payment of mortgage before levy of attachment. See R. S. p. 595.

At time of levy plaintiffs' mortgage had not matured, and Morrison and Riggs had an attachable interest. *Goulet* v. *Asseler,* 22 N. Y. 227; *Hathaway* v. *Brayman,* 42 N. Y. 322; Jones on Chat. Mort. 556–561; Herman on Chat. Mort. pp. 377–389.

The answer denies conversion and shows only substitution of defendants to rights of Morrison and Riggs.

No demand was made on defendants for a return.

WOODY & MARSHALL, for respondents.

The complaint alleges facts that in law constitute conversion, and these facts are admitted in answer. *Lighter* v. *Menzell*, 35 Cal. 452; *Christy* v. *Dana*, 42 Cal. 175.

The mortgage expressly provided that mortgagors' right of possession should end, and that of mortgagees begin, if the mortgaged property should be taken on legal process. *Hall* v. *Sampson*, 35 N. Y. 274; 42 N. Y. 210; 41 N. Y. 217; *Wright* v. *Ross*, 36 Cal. 414; Jones on Chat. Mort. secs. 600, 699, 700, 703–6.

After condition broken, possession was only by sufferance. 22 N. Y. 39–41. The mortgagor has no interest that may be taken or sold on attachment or execution. Jones on Chat. Mort. secs. 556–560; 23 Mich. 530; *Judson* v. *Easton*, 58 N. Y. 664.

Mortgagees, after conversion by defendants, had choice to follow the goods or sue defendants.

If Morrison and Riggs had an equity of redemption, defendants could only have subjected it to their claim by redeeming from plaintiffs' mortgagee. *Frisbee* v. *Langworthy*, 11 Wis. 371.

WADE, C. J. This is an appeal from a judgment in favor of the respondents, rendered on the pleadings. The complaint alleges that on the 12th day of January, 1881, Morrison and Riggs were indebted to the respondents in the sum of $885.40, upon a certain promissory note executed by them on that day, payable to the order of the respondents, on or before the 1st day of January, 1882, together with interest thereon at the rate of two per cent. per month from the 1st day of March, 1881, until paid; that to secure the payment of said note according to the tenor thereof, said Morrison and Riggs executed to the respondents a certain indenture of mortgage upon, among other property, the personal property described in the complaint, conditioned for the payment of said note when the same became due, which mortgage was duly

acknowledged and recorded; that on the 12th day of February, 1881, the defendant Edwin A. Kenney, sheriff of Missoula county, at the instance and request of the defendants Albert Kleinschmidt and Reinhold Kleinschmidt, seized and took into his possession all the personal property described in the complaint and included in said mortgage, upon a writ of attachment issued in an action by said Albert and Reinhold Kleinschmidt, against said Morrison and Riggs, and that said property so seized was of the value of $1,200; that on the 27th day of November, 1882, the respondents recovered a judgment and decree of foreclosure of said mortgage; that the property included in the mortgage, and not so seized on said attachment, was sold under and by virtue of said decree, upon which there was realized the sum of $577.90, leaving due and unpaid on said note and mortgage the sum of $1,020.85, for which sum the respondents asked judgment. A copy of the note and mortgage are attached to, and made a part of, the complaint. The defendent Kenney made default, and Albert and Reinhold Kleinschmidt filed their separate answer, and denied that the property mentioned in the complaint was of any greater value than $912, and justified their seizure of the property, and the sale of the interest of Morrison and Riggs therein, under and by virtue of an attachment issued in their action against them, and a sale upon execution issued on a judgment in their favor against said Morrison and Riggs. The defendants deny that they ever took said property; but admit, because they do not deny the allegation of the complaint, that Kenney, the sheriff, seized the property at their instance and request. There was a motion for a judgment, by plaintiffs, for the sum of $912, the value of the property as admitted in the answer, which motion was granted. The mortgage contained the following condition: "And it is further agreed by and between the parties hereto, that all the personal property herein mentioned and described shall be and remain in the possession

of and under the control of the said parties of the first part, until the maturity of said promissory note, and default made in the payment of the same, upon the following conditions: That said parties of the first part shall not dispose of said property, or any part thereof, or remove the same, or any part thereof, from said Missoula county, or suffer the same to be removed, or allow the same or any part thereof to be taken from their possession by legal process, or otherwise; and any violation of any of the foregoing conditions will authorize the said parties of the second part and their assigns to take immediate possession of the whole of said personal property and hold the same." These conditions were valid and legal and protected the property included in the mortgage against the claims of the general creditors. When any of the conditions were broken the title of the property vested in the mortgagees. And so, when the property was seized by attachment, and the mortgagees allowed and permitted the same to be taken from their possession thereon, the right to the possession thereupon at once vested in the mortgagees, the respondents herein, and the mortgagors were thereby divested of any attachable interest in the property. The mortgagees thereby became entitled to the possession of the property, and the sheriff had no right to attach the same, for the reason that he had no right to the possession of the property. The taking being wrongful, no demand was necessary before bringing this action.

The judgment is affirmed.