DUCKETT, APPELLANT, *v.* BIGGS, RESPONDENT.

(No. 4,111.)

(Submitted February 27, 1920. Decided March 29, 1920.)

[188 Pac. 938.]

*Conversion—Demand—Refusal—Contracts—Ambiguity — Evidence—Trial—Special Interrogatories—Discretion—Costs.*

Contracts—Leases—Ambiguity—Evidence.
- 1. Where the terms of a lease are ambiguous, the circumstances under which it was made and the intention of the parties in entering into it are proper subjects of inquiry.

Trial—Special Interrogatories—Discretion.
     2. Whether special interrogatories shall be submitted in any given case is a question addressed to the sound judicial discretion of the trial court, in the absence of a showing of abuse of which the supreme court will not interfere.

Costs—In Justice's Court—Taxable in District Court.
     3. *Held,* that sections 7083 and 7124, Revised Codes, impliedly authorize the district court to tax against the unsuccessful party in that court

On right of action for negligent breach of gratuitous undertaking, see note in 12 L. R. A. (n. s.) 929, 931.

the costs incurred in the trial of the cause in the justice's court, where they were included in the cost bill, although the justice of the peace had failed to make entry of costs on his docket.

Same—Refusal to Strike—When Proper.

4.   Refusal to strike from the cost bill the items "Sheriff's fees in district court, $2.00; in justice court, $6.90," *held* proper as against the contention that they were not set forth with sufficient particularity.

Conversion—Demand for Possession—When Necessary—When not.

5.   Demand for possession of personal property wrongfully obtained is not necessary as a condition precedent to the right to maintain an action in conversion; if, however, rightfully obtained, demand and refusal are necessary.

Same—When Demand for Possession and Refusal Necessary.

6.   Where by mutual agreement between the lessor of agricultural lands and the lessee grain grown thereon by the latter was stored in the former's granary and mingled with his own, the door locked and kept locked, the lessor was rightfully in possession, and demand by the lessee for the grain and refusal by the lessor were necessary to the maintenance of an action in conversion.

*Appeal from District Court, Broadwater County; John A. Matthews, Judge.*

ACTION by M. L. Duckett against Moses Biggs. From a judgment for defendant, and an order denying his motion for a new trial made, plaintiff appeals. Reversed and remanded.

Cause submitted on briefs of Counsel.

*Mr. Jos. R. Wine,* for Appellant.

*Mr. Frank T. Hooks,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In this action, commenced in a justice of the peace court, plaintiff sought to recover the sum of $172.11. By his answer the defendant denied the allegations of the complaint and set forth two counterclaims for amounts aggregating $170. The trial in the justice court resulted in a verdict for the defendant, and on appeal to the district court a like result obtained; hence these appeals to this court.

1. Complaint is made of the ruling of the trial court admitting in evidence—a lease by the terms of which defendant occupied certain lands belonging to the plaintiff. To sustain his first counterclaim, it was necessary for defendant to show that he was rightfully in possession of the premises at the time his cause of action accrued, or, in other words, it was necessary for him to show that the lease had not expired. By its terms the lease provides that the premises are let to the defendant "to raise one crop of winter grain," and there is no other limitation upon the time for which the lease was to run. Since the terms [1] of the lease are ambiguous, the circumstances under which it was made and the intention of the parties were proper subjects of inquiry. (*Alywin* v. *Morley,* 41 Mont. 191, 108 Pac. 778.)

2. Complaint is made of the refusal of the trial court to submit to the jury a special interrogatory tendered by the plaintiff. [2] Whether special interrogatories shall be submitted in any given case is a question addressed to the sound judicial discretion of the trial court, and, in the absence of a showing of abuse of that discretion, this court will not interfere. (*Rairden* v. *Hedrick,* 46 Mont. 510, 129 Pac. 498.)

3. Although there is not any express statutory provision [3] authorizing the district court to tax against the unsuccessful party in that court the costs incurred in the justice court, the authority to do so is implied clearly from the language employed in sections 7083 and 7124, Revised Codes.

The justice of the peace failed to make the proper entry of costs in his docket, as required by section 7171, Revised Codes; but since no objections were made in that court, and the items were included in the cost bill filed in the district court, plaintiff was not prejudiced in any substantial right.

A motion was made to strike from the cost bill these items: [4] "Sheriff fees in district court, $2.00; in justice court, $6.90," and error is assigned on the refusal of the court to sustain the motion. Counsel for appellant cites in support of his contention *Dewell* v. *Northern Pac. Ry. Co.,* 54 Mont. 350,

170 Pac. 753, but altogether misconceives the purport of the language employed in that case. We said: "The trial court refused to allow plaintiff an item of costs amounting to $1.10 for sheriff's fees and mileage, upon the theory that the cost bill did not set forth the items with sufficient particularity. In this the court erred." For the same reason, the court did not err in refusing to strike out the items above.

4. The principal contention made is that the evidence is in[5] sufficient to sustain the verdict. The evidence introduced in support of the first counterclaim is sufficient, we think, to make out a *prima facie* case. As a second counterclaim the defendant alleged that plaintiff wrongfully took and converted to his own use a certain quantity of wheat belonging to defendant. The rules of law applicable are well settled in this state, as elsewhere. Whenever, in conversion, the possession of the property in controversy is obtained wrongfully, a demand for its possession is not necessary as a condition precedent to the right to maintain the action. (*Eddy* v. *Kenney,* 5 Mont. 502, 6 Pac. 342; *Reynolds* v. *Fitzpatrick,* 23 Mont. 52, 57 Pac. 452.) The converse is equally true. If the possession was obtained rightfully in the first instance, then a demand and refusal are necessary in order to put the party charged with conversion in the wrong and give rise to the cause of action. (*Scott* v. *Waggoner,* 48 Mont. 536, L. R. A. 1916C, 491, 139 Pac. 454.) The evidence discloses that, by some mutual agreement between the [6] parties, the wheat was stored in plaintiff's granary and mingled with other wheat belonging to him; that immediately thereafter plaintiff locked the door of his granary, and kept it locked; that defendant did not make demand for the wheat, and, to use his own language, did not need it, and was not ready to remove it up to the time this action was commenced and the counterclaim asserted. Under any view of this evidence, plaintiff was rightfully in possession in the first instance; was in effect a gratuitous depositary (sec. 5153, Rev. Codes), against whom no right of action in conversion would arise until defendant

made demand for the wheat and had met with refusal (13 Cyc. 806).

It is impossible to determine from the record whether the jury awarded to defendant the full amount demanded in his second counterclaim, and for this reason a new trial of the cause is necessary.

The judgment and order are reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HURLY and COOPER concur.

MR. JUSTICE MATTHEWS, being disqualified, takes no part in the foregoing decision.