# IN THE MATTER OF THE ESTATE OF KEKOA KALAMAU, DECEASED.

## No. 1317.

APPEAL FROM CIRCUIT JUDGE FOURTH CIRCUIT. HON. C. K. QUINN, JUDGE.

ARGUED MAY 28, 1921.                    DECIDED JUNE 3, 1921.

COKE, C. J., KEMP, J., AND CIRCUIT JUDGE FRANKLIN IN PLACE OF EDINGS, J., ABSENT.

MARRIAGE—*proof of in civil cases.*

> The rule is well settled that in civil cases other than actions for seduction marriage may be proved by the fact that the parties have cohabited as husband and wife and that such cohabitation has been attended with the reputation in the community in which the parties have resided and made their home that they were married.

SAME—*same.*

> In a proceeding of this nature where the marriage is established by reputation it will be presumed in the absence of any

showing that would repel such conclusions that the parties were legally competent to marry, that they first secured a license and complied with all other requirements necessary to make valid the marriage contract.

OPINION OF THE COURT BY COKE, C. J.

This is an appeal from an order of the circuit court of the fourth judicial circuit distributing the estate of Kekoa Kalamau, deceased, to his widow Paalani and to his son John Kekoa Kalamau. Kalamau Sr. died at Papaaloa, Hawaii, leaving a small estate. Letters of administration were issued to Thomas Pedro and upon the approval of the final accounts of the administrator the court after hearing evidence determined that Kalamau Jr., as the son and only surviving heir of Kalamau Sr., was entitled to the property of the estate subject to the widow's dower. The claim of the son was contested by Mrs. Koakoa, a sister, and Henry Wessel and Herman Wessel, nephews of the deceased, who are the appellants herein.

The sole question involved is whether the circuit court properly found that Kalamau Jr. is the legitimate son of the deceased. The evidence in respect to this issue is somewhat conflicting but the clear preponderance thereof sustains the finding of the court below. It appears from the record that Kalamau Jr. is the son of Kalii a former wife of Kalamau, deceased. The marriage of Kalii to Kalamau Sr. was established by reputation, declarations and conduct of the parties and through circumstances usually accompanying that relation. From the weight of the testimony it was made to appear that Kalamau Sr. and Kalii were married at Laupahoehoe, Island of Hawaii, some nine or ten months prior to the birth of Kalamau Jr. The rule is well settled that in civil cases other than actions for seduction marriage may be proved

by the fact that the parties have cohabited together as husband and wife and that such cohabitation has been attended with the reputation in the community in which the parties have resided and made their home that they are married.  See *Apong* v. *Marks,* 1 Haw. 83; 2 Greenl. Ev. 14 ed. Sec. 462; *Taylor* v. *Sweet,* 22 Am. Dec. 156; *Miller* v. *White,* 80 Ill. 580; *Bowers* v. *Van Winkle,* 41 Ind. 432; *Proctor* v. *Bigelow,* 38 Mich. 282.

This court held in *Parke* v. *Parke,* 25 Haw. 397, that a license is a prerequisite to a valid marriage in this Territory.   But where in a proceeding of this nature the marriage is established by reputation it will be presumed in the absence of any showing that would repel such conclusions that the parties were legally competent to marry, that they first procured a license and complied with all other requirements necessary to make valid the marriage contract.   See 1 Bish. Mar. & Div. 6 ed. Sec. 457.

The order and decision appealed from are affirmed.

*J. S. Ferry* for claimants-appellants.

*Fred Patterson* (*Russell & Patterson* on the brief) for J. K. Kalamau, Jr., appellee.