# MARIE VIGNES de RACOUILLAT, ETIENE L. RACOUILLAT, ELIZABETH VIGNES, and JEANNE VIGNES SIGNE *v.* JOHN E. RENE, PIERRE SANSEVAIN, JEAN LOUIS SANSEVAIN, JEAN VIGNES, and MANUEL REQUENA, Executor of the Estate of J. L. VIGNES, Deceased.

RECORDING MORTGAGE.—A mortgage not executed under seal is not entitled to record.

NOTICE OF MORTGAGE NOT UNDER SEAL.—The record of a mortgage not under seal does not give constructive notice of its contents, and a subsequent purchaser, unless he has actual notice of such mortgage, is not affected by it.

REVIEW OF FINDINGS OF FACT.—Findings of fact cannot be reviewed by the appellate Court on an appeal from a judgment.

DENIAL OF AN ALLEGATION OF COMPLAINT.—In order to determine whether the denials of an answer are evasive, each separate denial of each separate allegation must be taken by itself. If the answer to a particular allegation is a denial of it, and there is no admission in the answer inconsistent with this denial, an issue is fairly made.

IDEM.—Each denial of an answer must be regarded as applying to the specific allegation it purports to answer, and not as forming a part of an answer to some other specific and entirely independent allegation.

PLEADING EVIDENCE.—Evidence should not be alleged in a complaint. Averments of mere evidence are not admitted by failure to deny them in the answer.

WHAT ALLEGATIONS MUST BE DENIED.—The defendant in his answer is required to deny only the material allegations of the complaint.

TREATING AN ALLEGATION OF A COMPLAINT AS DENIED.—If the plaintiff on the trial treats an allegation of the complaint as denied in the answer, and introduces evidence to prove it, he will not be permitted after the issue is found against him to raise the point for the first time in the Supreme Court, that such allegation is not denied.

COVENANT IN MORTGAGE.—A covenant of the mortgagor inserted in the mortgage, to " pay and discharge all legal mortgages and incumbrances of whatever nature and description " on the premises mortgaged, does not put a purchaser from the mortgagor upon inquiry as to any mortgages or incumbrances not of record. A purchaser from the covenanter cannot be charged with constructive notice of a recorded mortgage not under seal.

APPEAL from the District Court, First Judicial District, Los Angeles County.

The plaintiffs and the defendant Jean Vignes, were the children of Jean Louis Vignes and Jeanne S. Vignes. Their said father and mother were natives of France. Their father emigrated to Los Angeles, California, about the year 1827, but their mother remained in France, where she died in 1843.

The said Jean Louis Vignes, after he came to California, but before the death of his said wife, acquired a tract of land in Los Angeles, called "Aliso," and the plaintiffs claimed to be entitled to one half of the same as heirs of their said mother. The plaintiffs and defendant Jean Vignes, and their said father, for the purpose of settling this claim, on the 13th of March, 1851, entered into a written contract, by the terms of which the children were to receive three thousand dollars each, and the further sum of five thousand five hundred dollars each, either after or before their father's death, as he might consider proper. This contract provided that the sum total should be secured by the property called "Aliso." It was not under seal, but was acknowledged on the day of its date, and recorded in the office of the Recorder of Los Angeles County. The plaintiffs claimed that this instrument was a mortgage. The said Jean L. Vignes died at Los Angeles, January 17th, 1862, and the defendant, Manuel Requena, was his executor. The said Jean L. Vignes, before his death, and on the 3d day of April, 1855, sold the "Aliso" to the defendants, Pierre and Jean Louis Sansevain, for the consideration of forty thousand dollars, and to secure a part of the purchase money they executed to him a mortgage on the same. This mortgage contained a covenant that the mortgagors would " pay and discharge all legal mortgages and incumbrances of whatever nature and description upon the aforementioned and described property, at and previous to the present date, whenever the same shall become due." At the time of the execution of the mortgage by the Sansevains, there was existing and duly recorded, a mortgage on the same property, before then made by the said Jean Louis Vignes to Tobi & Schlessinger, given to secure the payment of the sum of three thousand dollars. The defendants Sansevains, on the 5th day of April, 1863, conveyed the said "Aliso" to the defendant, Rene, for the consideration of thirty-one thousand eight hundred dollars, and his deed was then duly recorded in the Recorder's office of Los Angeles County. This action was commenced on the 24th day of March, 1863, for the purpose of having the

instrument of March 13th, 1851, declared a mortgage, and of having the same foreclosed, and to recover judgment against the Sansevains, and Requena the executor, for the amount due on the instrument. The defendant, Jean Vignes, declined to become a party plaintiff, and was therefore made a defendant. The Court below gave judgment that the plaintiffs each recover from the defendants, Pierre and Jean Louis Sansevain, and the executor, the sum of five thousand five hundred dollars, with legal interest from January 17th, 1862, and that the plaintiffs take and recover nothing from the defendant Rene. The plaintiffs appealed from that part of the judgment in favor of the defendant Rene.

The other facts are stated in the opinion of the Court.

[A decision on an appeal of the defendants, Pierre and Jean Louis Sansevain, and Requena the executor, from that part of the judgment against them, is reported *ante* 376.]

*V. E. Howard*, for Appellants.

*Baldwin & Felton*, for Respondent.

By the Court, SAWYER, J.:

This is an appeal by plaintiffs from a judgment in favor of Rene, in an action to foreclose certain mortgages wherein Rene was made a party as a subsequent purchaser. Whether we regard the suit as an action to enforce a lien under the instrument dated April 13, 1851, claimed to have been executed by Vignes and his children, or to foreclose the mortgage executed by the Sansevains to Vignes, the result, as to Rene, will be the same. The instrument of April 13, 1851, is not under seal, and whether properly executed and acknowledged in other respects or not, was not entitled to record under the Act concerning conveyances, as it stood at the date of the instrument. The record, therefore, did not impart constructive notice of its contents to anybody; and unless Rene had actual notice of the contract embraced in the instrument, he was not affected by

it. The Court found, as a fact, that Rene took without notice. The appeal is from the judgment, and on such appeal the finding is conclusive, provided the fact of notice was put in issue by the pleadings. It has been settled by numerous decisions that findings of fact can only be reviewed on appeals from an order granting or refusing a new trial. The only question is, whether the allegation of notice is suffi- ciently denied to raise an issue. It is said that the denial of the allegation of notice is evasive, but to sustain this position the denials of other, and immaterial allegations of the complaint, are combined with the denial of notice, as though it formed a part of, and limited and qualified that particular denial. But this is not admissable. To determine whether an allegation has been properly denied or not, we must examine the answer to the particular allegation which it is designed to controvert. If, taken by itself, an issue is fairly made, and there is no admission inconsistent with this answer, the denial is sufficient. The allegation of the complaint is as follows : " Plaintiffs further allege that at the time of taking said mortgage and said last deed of conveyance, said Rene had both actual and constructive notice of plaintiffs' mortgage on said ' Aliso ' property of the 13th of March, 1851, and received both of said conveyances subject to said prior mortgage." This is a distinct independent allegation of a material fact, and the whole of the allegation. The answer to the allegation is as follows : " Defendant further denies that at the time of making the mortgage to him, as set up in the complaint, or at any time before the making thereof, or at the time when said deed of conveyance was made to him, or at any time prior thereto, he had actual or constructive notice, or any notice whatever of the existence of plaintiffs' mortgage on said ' Aliso ' property of the 13th of March, 1851, and denies that he had any notice, actual or constructive, or any knowledge whatever of any mortgage on said property whatever or on any part thereof, and denies he received said conveyances or either of them subject to said prior mortgage or to any mortgage whatever." This is the whole answer to that alle-

gation, and if the answer contained no other matter relating to the same instrument, we apprehend, it would not be contended for a moment, that the allegation of notice was not distinctly, squarely and categorically negatived, without ambiguity, or evasion.. There was an instrument set out in the complaint in *hæc verba*, dated March 13, 1851, and there is but one of that date set out or, in any manner referred to. This instrument is called a mortgage in the complaint, and it is insisted by plaintiffs that it is a mortgage. And the answer describes the instrument by the same name, and by its true date, clearly identifying it, and denies any notice whatever of the existence of the document so described—"any notice whatever of the existence of plaintiffs' mortgage on said 'Aliso' property *of the 13th March,* 1851." Can it be doubted what instrument was referred to, or that this is a denial of notice of the instrument itself, rather than a denial that the instrument is a mortgage? It is true, that, in a preceding portion of his answer, when controverting a different allegation, the defendant "denies that said pretended instrument of 13th March, 1851, was a legal mortgage and incumbrance upon said Aliso property, or any part thereof, within the meaning and description of the conveyance, undertaking and mortgage of the said Pierre, Paula S. and J. L. Sansevain, and denies that said Sansevains became liable," etc.; but this has no connection with, or reference to, the allegations or denials of the notice in question. On the contrary, it is an answer to another, and distinct allegation of the complaint, viz: "Plaintiffs further allege that said instrument of March 13, 1851, was a legal mortgage and incumbrance upon said 'Aliso' property, within the meaning and description of said conveyance, mortgage and undertaking of said Pierre, Paula S. and J. L. Sansevain," etc. It was no part of the answer denying the allegation of notice, and not intended to qualify it. Here was a separate and distinct allegation of the complaint, which the defendant was called upon to deny, or to omit to deny at the risk of having it deemed material, and as such admitted to be true against him. But must he also deny

it, at the risk of having his denial regarded as forming a part of, and qualifying his answer to, another clearly material allegation, rendering the latter denial evasive? We think not. Each denial must be regarded as applying to the specific allegation it purports to answer, and not as forming a part of an answer to some other specific and entirely independent allegation. The same answer may be made to all the other instances wherein it is claimed that other portions of the answer must be regarded as qualifying the answer to the allegation of notice.

We will notice one more example wherein the answer is said to be evasive, more for the purpose of condemning the complaint, than the answer. The plaintiffs in another part of their complaint allege, " that said Rene, before the execution of said mortgage to him of said ' Aliso ' property, dated December 7, 1860, by said J. L. and Pedro Sansevain, sent from San Francisco to Los Angeles, as plaintiffs are informed and believe, a special agent or attorney, who examined the records of said county, took a copy of said mortgage or agreement of 13th of March, 1851, was fully informed of the existence thereof and all the facts connected therewith, and duly reported and represented the same to Rene prior to the execution of said mortgage of the 7th December, 1860." The answer denies in the language of the allegation the sending of a " special agent and attorney," or that " any such special agent or attorney examined the records," etc. And it is said that this is evasive, because the answer uses the term " *special*" which is also in the allegation. Admit it to be so, and that this mode of answering is reprehensible, yet the complaint is equally reprehensible. The whole allegation is immaterial, and required no answer at all. This is pleading mere evidence, and is a mode of fishing for testimony not countenanced by our system of practice. We have no bills of discovery. If the plaintiff required the testimony of the defendant, the proper mode of obtaining it, was, to put the defendant upon the stand as a witness. He is not bound to answer all matters of evidence which the plaintiff chooses to allege. The office

of a complaint is, to aver the material issuable facts, which constitute the cause of action, and not the evidence to prove those facts. (*Green* v. *Palmer*, 15 Cal. 411 ; *Coryell* v. *Cain*, 16 Cal. 567 ; *Willson* v. *Cleveland*, 30 Cal. 192 ; and *Larco* v. *Casanueva*, 30 Cal. 561.) The material fact to be alleged in this case, was, the notice on the part of Rene of the transaction between Vignes and his children, evidenced by the instrument of March 13, 1851. This fact had already been alleged. The sending of a special agent or attorney to Los Angeles to examine the records, and make a copy of the instrument, etc., would be evidence tending to prove notice, but it is not the issuable fact itself. It is not only not necessary, but it is highly improper, to allege such matters. " A material allegation in a pleading is one essential to the claim, or defense, and which could not be stricken from the pleading without leaving it insufficient." (Prac. Act, Sec. 66.) This entire allegation might have been stricken out without leaving the complaint insufficient. It was therefore immaterial. But it is only material allegations that are admitted, when not specifically controverted by the answer (Ib., Sec. 65.) Conceding, then, the denial to be defective, the allegation was not admitted. But the answer to this allegation closes as follows : " Defendant alleges that prior to the execution of the mortgage and deed to him as set up in the complaint, he was entirely ignorant of the existence of any *claim*, or incumbrance, or mortgage held by the plaintiffs, or either of them, or any of them, upon said ' Aliso ' property, or any part thereof," etc., which would also seem to sufficiently negative notice of plaintiffs' *claim.*

It is by such answers to independent and immaterial allegations, that it is sought to qualify the direct answer to the material allegation of notice, of which answer they form no part, and thereby work out a defective issue on that point. We think the notice was fairly in issue, and that any other construction would be unreasonable, and render it hazardous for any defendant to answer immaterial matter at all, and require him to determine at his peril whether matter alleged

is immaterial. Besides, no such point was made or relied on in the Court below, but, on the contrary, it clearly appears, that the plaintiffs regarded the notice as being in issue, for they introduced testimony to establish the fact, and the issue was closely contested in the Court below, and distinctly found against them. In fact, it was the principal issue, so far as Rene is concerned. Had the plaintiffs relied upon the admission of this fact by the pleadings, and for that reason abstained from introducing any evidence on the point, or had he objected to introducing any evidence on the point, on the ground that there was no issue, and the objection had been overruled, there would be some propriety in making the point here. But after treating the fact as properly in issue, and vigorously litigating it in the Court below, thereby misleading his adversary, it is now too late, after the issue is found against him, to take any such mere technical objection for the first time in this Court.

The covenant in the mortgage of the Sansevains to Vignes to " pay and discharge all legal mortgages and incumbrances of whatever nature and description " on the premises did not put Rene upon inquiry as to any incumbrances which were not matters of record. There was a mortgage of record to which this covenant could properly be referred. He was not bound to look beyond the record. He cannot be charged with constructive notice of any instrument improperly recorded. It makes no difference, then, whether the instrument of March 13, 1851, is within the covenants of the Sansevain mortgage to Vignes or not, unless Rene had actual notice, and the Court has found that he had no notice. The judgment as to Rene must, therefore, be affirmed. This is a separate appeal from that of the Sansevains and Requena, and from a different part of the judgment. There being no connection between the two appeals, it is unnecessary to await the determination of the other appeal.

Judgment affirmed as to defendant Rene.

CURREY, C. J., dissenting :

In my judgment, the answer, when examined as a whole, does not traverse the allegation of the complaint charging him with notice of the existence of the instrument bearing date the 13th of March, 1851. He first lays the foundation for his denial of notice by denying that such instrument was a mortgage, and then says in substance that he had not notice of the mortgage. The case, in my opinion, falls within *Brown* v. *Scott*, 25 Cal. 189. I am of opinion the judgment should be reversed and a judgment entered for the plaintiffs, declaring the premises subject to the mortgage. I may hereafter express my opinion more fully on the subject.

Mr. Justice SANDERSON did not express any opinion.