CHARLES DEXTER *vs.* F. C. MOODEY and another.

## December 17, 1886.

**Answer—Denial of Value—Admission.**—A recovery of the alleged value of services sustained, although no proof of value was offered; the answer being insufficient as a denial of the value as alleged in the complaint, unless it be construed as admitting a fact averred in the complaint in the nature of evidence of the value. The admission in the answer of such evidential fact would stand in the place of evidence, for the purposes of the case.

Appeal by defendants from an order of the district court for Hennepin county, refusing a new trial after a trial by *Rea,* J., without a jury.

*Henry M. Farnam,* for appellants.

*Cooley, Akers & Cooley,* for respondent.

DICKINSON, J. This is an action to recover the value of the plaintiff's services in effecting an exchange of real property of the defendants. The answer does not put in issue the facts stated in the complaint,—that the plaintiff performed the services at defendants' request; that the usual commission for such services is 5 per cent. of the value of the property, to the extent of $1,000 of such value, and $2\frac{1}{2}$ per cent. of such value in excess of $1,000; and that the value of

this property was $21,000. The complaint further alleges that the services were of the reasonable value of $550. The answer, after alleging a special agreement that a commission should be paid only upon the value of the defendants' interest in the property, over and above existing incumbrances, and that such interest was only of the value of $4,000, then denies that the services were of any greater value than the regular and usual commission upon the said sum of $4,000. While the averment of the complaint as to the "usual commission" in such cases was the pleading of a probative or evidential fact, not essential to the statement of the cause of action, and which would not be admitted by the mere failure to deny it, (*Racouillat* v. *Rene*, 32 Cal. 450,) yet the defendant seems to have intended to avail himself of the averment as a fact, for the purposes of his answer, wherein it is denied that the services were of any greater value than the regular and usual commission upon the sum of $4,000. If this be not deemed an admission of the usual commission, as alleged in the complaint, then the answer is insufficient as a denial that the services were of the reasonable value of $550, and proof of the value would be unnecessary. If the answer is deemed to admit, for the purposes of the case, the fact as to the usual commission, that would stand in the place of evidence, and be sufficient, *prima facie*, to establish the value of the services. Hence, upon any possible construction of the answer, the recovery by the plaintiff is sustained, although no evidence of the value of the services was offered. This is the only substantial point in the case.

Order affirmed.