Beck, respondent, *v.* Beck and another, appellants.

NEW TRIAL — *On appeal — Conflict of testimony.* — The appellate court, on an appeal from an order denying a motion for new trial alone, on the ground that the evidence did not support the verdict, will not reverse such order, where there has been a conflict of testimony in the court below.

APPEAL — *What is open — Allegation in answer not refuted — No objection below.* — A defendant cannot rely on an appeal from an order denying a motion for a new trial upon a failure of the plaintiff to re-

ply to an allegation in the answer, which the appellant claims was new matter, when the point was not raised in the court below, either on the trial or on the motion for a new trial, and where the appellant treated it as denied, and produced evidence in support of it.

*Appeal from Second District, Gallatin County.*

Vivion & Shelton, E. W. & J. K. Toole, and Wm. Wallace, Jr., for the respondent.

J. J. Davis and H. N. Blake, for the appellants.

Bach, J.    This action was brought for the purpose of obtaining a decree declaring the plaintiff to be the owner of certain water-rights, and that he be declared to be entitled to the use and enjoyment of the same; and also for a permanent injunction, restraining the defendants from interfering with the plaintiff in his use and enjoyment thereof. A verdict was rendered in favor of the plaintiff. A motion for a new trial was heard and overruled. An appeal was taken from the order denying said motion, and also from the judgment.  There is no judgment in the record; and it does not appear from the record that any judgment has been entered from which an appeal could be taken; therefore, the only appeal which we are called upon to consider is that which is taken from the order denying the motion for a new trial.

The only point made by the appellant is that the evidence is insufficient to sustain the verdict, because it appears therefrom that defendant first appropriated the water; and, to sustain his position, he calls the attention of this court to portions of the evidence introduced by him in the court below.    The record, as a whole, however, does show a decided conflict of testimony upon all the material issues in the case.    There being a conflict of testimony, this court cannot reverse the order denying the motion for a new trial.  See *Lincoln* v. *Rodgers*, 1 Mont. 217; *Toombs* v. *Hornbuckle*, id. 286; *Ming* v. *Truett*, id. 322.

It is not necessary for this court to consider the effect of

plaintiff's failure to reply to an allegation in the answer which the appellant claims was new matter. The point was not raised in the court below, either on the trial or in the motion for a new trial, and it cannot be raised in this court. The appellant treated the allegation as denied, and produced evidence to support it at the trial; and, further, in the instructions to the jury given at his request, appellant assumed the burden of proof as to that particular allegation. He cannot now claim that the allegation was admitted, and take advantage of his neglect at the trial of the cause. *Racouillat* v. *Rene*, 32 Cal. 450; *Gale* v. *Water Co.* 14 Cal. 28.

The order denying the motion for a new trial is affirmed, with costs.

*Judgment affirmed.*

WADE, C. J., and GALBRAITH, J., concur.