## SWEENEY, RESPONDENT, *v.* THE GREAT FALLS AND CANADA RAILWAY COMPANY, APPELLANT.

[Argued December 29, 1891.   Decided February 8, 1892.]

PRACTICE — *Stipulations* — *Construction.* — Under a stipulation made by attorneys in open court, without formal writing, to the effect " that defendant have until April 1st to make and serve statement and bring on motion for new trial," the defendant filed and served, March 31st, a statement which was settled April 11th, no amendments having been proposed by plaintiff. *Held,* that the filing and service of the statement on March 31st was not a violation of the stipulation, in that it did not allow plaintiff the ten days provided by statute in which to propose amendments prior to April 1st, as the clause as to bringing on the motion was, in view of section 299 of the Code of Civil Procedure, relating to the hearing of applications for new trials, superfluous and not properly within the subject of the stipulation. *Held, also,* that the rule of construction expressed in section 636 of the Code of Civil Procedure, providing that " when different constructions of a provision are otherwise equally proper that is to be taken which is most favorable to the party in whose favor the provision was made," was applicable to a stipulation of such nature.

RAILROADS — *Negligence* — *Proof.* — In an action against a railroad company for damages for injuries to the person, evidence that plaintiff, who was defendant's employee, was working under a certain car standing upon defendant's track, and was so situated that he could not see an engine approaching on that track from either direction, and that while so working was injured by the car being suddenly moved over him by a train backing against it, will not support the essential averment of the complaint " that the defendant carelessly and negligently and without any notice or warning to plaintiff backed or ran an engine against said car so as to set the same in motion," and in such case the denial of a motion for a new trial, based upon the insufficiency of the evidence to support the verdict, is error.

APPEALS — *Matters not reviewable.* — Where a case has been tried to a jury upon an issue deemed to have been raised by the answer, the objection that such issue was not sufficiently presented will not be considered when urged for the first time on appeal. (*Orr* v. *Haskell,* 2 Mont. 225; *Fabian* v. *Collins,* 3 Mont. 215; *Territory* v. *Cox,* 3 Mont. 203; *Russell* v. *Hoyt,* 4 Mont. 414; *Beck* v. *Beck,* 6 Mont. 285; *Hogan* v. *Shuart, ante,* p. 498.)

*Appeal from Eighth Judicial District, Cascade County.*

Action for damages for personal injuries. The cause was tried before BENTON, J.   The plaintiff had judgment below.

*W. A. Barr,* and *George W. Taylor* (*F. A. Merrill,* of counsel), for Appellant.

I.   The judgment should be reversed because the plaintiff wholly failed to prove the negligence alleged in the complaint, or any negligence on the part of the defendant.   The negligence charged in the complaint is, that while the plaintiff, an employee

of the defendant, was engaged in the performance of his duties as car repairer, and working under one of defendant's cars, the defendant "carelessly and negligently, and without any notice or warning to said plaintiff, backed or ran an engine against said car in such a manner as to put the same in motion." The plaintiff did not support this charge with any proof whatever. The mere happening of an accident is not, *per se,* any proof of negligence. The attending circumstances may sometimes be such as to authorize a presumption of negligence, but in such cases the circumstances must be proven, and if they are not, the court will not presume that there were any attending circumstances of such a character as to constitute presumptive evidence of the existence of negligence. (*Case* v. *Chicago etc. Ry. Co.* 64 Iowa, 762; 69 Iowa, 449.)

II. Respondent now complains that the allegations of negligence made in his complaint have not been properly denied by appellant in its answer, and that consequently the alleged negligence stands admitted. Respondent cannot be heard to make this objection here, because he did not make it in the court below. In such a case this court will not examine the pleadings to see if they properly raise the issues tried, but will decide the appeal as if the question of negligence was put in issue by the answer, which we hold was done. (*Marden* v. *Wheelock,* 1 Mont. 49; *Orr* v. *Haskell,* 2 Mont. 225; *Fabian* v. *Collins,* 3 Mont. 215; *Territory* v. *Cox,* 3 Mont. 203; *Beck* v. *Beck,* 6 Mont. 285; *Russell* v. *Hoyt,* 4 Mont. 412; *Quirk* v. *Clark,* 7 Mont. 231; *White* v. *San Rafael etc. R. R. Co.* 50 Cal. 419; *Lee* v. *Figg,* 37 Cal. 335; 99 Am. Dec. 271; *Towdy* v. *Ellis,* 22 Cal. 660; *King* v. *Davis,* 34 Cal. 100.)

*Baum & Bishop* (*B. P. Carpenter,* of counsel), for Respondent.

I. Defendant by its answer: (*a*) "Denies that while plaintiff was so engaged at his said work, under one of said defendant's cars making said repairs, defendant carelessly, negligently, and without any notice or warning to said plaintiff backed or ran an engine against said cars as in said complaint alleged, or otherwise, or at all." This paragraph is evasive, and is not a denial of anything. (See Bliss on Code Pleading, § 332, and

note.) It admits carelessness and negligence of defendant; that plaintiff was under the car; that he was so situated that he could not see any object on the track; that there was no notice or warning. (*b*) Denies that the plaintiff has sustained any injuries as alleged in the complaint by reason of any careless or negligent acts on the part of defendant, and alleges, hypothetically, carelessness of plaintiff. It again admits negligence of defendant and the injury as alleged in the complaint. Therefore, the only questions put in issue by the pleadings are: (1) Contributory negligence; (2) the amount of damages.

II. The complaint does not allege the negligence of any particular person representing the defendant, but the negligence of defendant. Under the complaint any negligence of the defendant may be proved. (*Wild* v. *Oregon Short Line & N. Ry. Co.* 21 Or. 159, which is a similar case.) The cases cited by the respondent from the sixty-fourth and sixty-ninth Iowa reports simply hold that a railroad company is not presumed to know that a structure once sound had become defective. From injury to passengers the presumption of negligence arises. (4 Lawson's Rights, Remedies, and Practice, p. 3260.)

III. The statement on motion for a new trial was not served within the time required either by statute (Code Civ. Proc. §§ 298, 299) or stipulation, and should not be considered by this court.

Harwood, J.— Action to recover damages for personal injuries alleged to have been sustained by plaintiff through negligence and carelessness on the part of defendant in the operation of its railroad.

Defendant is a corporation organized and existing under the laws of this State, and owner of a line of railroad extending from Great Falls, Cascade County, to Lethbridge, together with side tracks, locomotives, and other rolling stock, etc., known as the "Great Falls and Canada Railroad," which railroad defendant was operating at the time the injury complained of happened. Plaintiff at that time was in the employ of defendant as car repairer at the terminus of said road at Great Falls, Cascade County.

This action was commenced December 4, 1890, and it is

alleged in the complaint that plaintiff was employed by defendant as car repairer at the terminus of its railroad in Cascade County; and while so employed, on the twenty-ninth day of October, 1890, by direction of defendant, plaintiff went under a certain car standing on defendant's railroad track, detached from any engine, and plaintiff was then and there engaged in repairing said car, and while so engaged at work, pursuant to the directions of defendant, and so situate that he, the said plaintiff, was unable to see any object upon the track, defendant carelessly and negligently, and without any notice or warning to plaintiff, backed or ran an engine against said car in such a manner as to put the same in motion; that said car, while so in motion by reason of said careless and negligent act of defendant, "ran upon and over plaintiff, severely injuring him in his shoulders, hips, legs, and body;" "that by reason thereof said plaintiff became lame and ill and wholly unable to do any kind of manual labor, and has remained lame and ill and wholly unable to do any kind of manual labor ever since, and is, as he believes, permanently injured, so that he will never be as strong to labor as before;" to his damage in the sum of twenty-five thousand dollars, for which sum judgment is demanded.

Defendant, by answer, admits its corporate existence; its ownership of the railroad named in the complaint, together with cars, locomotives, and other appurtenances thereto belonging; and admits that plaintiff was employed by defendant on or about the twenty-ninth day of October, 1890, and that on or about said date plaintiff was engaged at work on one of defendant's cars; but "denies that while the plaintiff was so engaged at his said work under one of said defendant's cars, making repairs, defendant carelessly, negligently, and without any notice or warning to said plaintiff, backed or ran an engine against said car, as in said complaint alleged, or otherwise, or at all;" and further denies "that plaintiff has sustained any injury whatsoever, as alleged in said complaint, by reason of any careless or negligent acts on the part of said defendant, and alleges that any injuries, if sustained by plaintiff," were sustained from his own carelessness and negligence; denies that by reason of said alleged injuries plaintiff became lame, ill, or

wholly unable to do any kind of manual labor since said alleged injuries, or that he has remained lame, ill, or wholly unable to do any kind of manual labor since said alleged injuries; and further denies that plaintiff is permanently injured, as in said complaint alleged, or otherwise, or at all; and denies that by reason of said alleged injury, or by any other reason, as in said complaint alleged, plaintiff has been damaged in the sum of twenty-five thousand dollars, or in any sum whatsoever.

The action was tried January 26, 1891, to the court and a jury, and the jury found for plaintiff, and assessed his damage at the sum of seven thousand five hundred dollars; whereupon judgment was rendered in favor of plaintiff for the amount of damages assessed by the jury, together with costs.

Defendant moved the court to set aside and vacate the verdict of the jury and grant a new trial on the grounds: (1) Excessive damage appearing to have been given under the influence of passion or prejudice; (2) insufficiency of evidence to justify the verdict; (3) that the verdict is against law; (4) errors in law, occurring at the trial and excepted to by defendant.

When said motion was first brought on for hearing the court refused to hear the same, from which order refusing to hear said motion a former appeal in this case was taken. (*Ante,* p. 34.) Upon return of the case to the trial court said motion was heard and determined by an order overruling the same, from which order and judgment this appeal was taken.

Respondent insists now that the order of the court overruling appellant's motion for a new trial ought to be affirmed, because of failure to file and serve the statement of the case under the stipulation, in time to bring said motion on for hearing, on or before the date stated in said stipulation.   The stipulation was entered into in open court between the attorneys for the respective parties, to the effect "that defendant have until April 1st to make and serve statement, and bring on motion for new trial."   The record shows that "on the thirty-first day of March, 1891, defendant filed with the clerk of the court and served on plaintiff's attorney a statement on motion for new trial in said action," and on the same date a written motion for new trial was filed, and notice was served on plaintiff's attorney

to the effect that said motion would be called up for hearing on the first day of April, 1891; and on that date said statement on motion for new trial was presented to the court for settlement and allowance, and the court was moved by defendant's counsel to hear and consider said motion for new trial. Thereupon plaintiff's counsel objected to the settlement and allowance of said statement and the hearing of said motion for new trial, "on the ground that service was not had upon him within time to bring said cause to a hearing on the first day of April, 1891, as contemplated by said stipulation." The court sustained said objection, and refused to settle and sign said statement, and refused to hear said motion for new trial, to which action by the court defendant excepted. Defendant then "offered to move the court to extend the time for the benefit of the plaintiff, to enable him to prepare and serve any amendments he desired to make to said statement of the case, and to extend the time for the settlement of said statement, and for the hearing of said motion for new trial." The court refused to make any order to the effect suggested in this latter request, and intimated that defendant had failed to comply with said stipulation by reason of having failed to serve the statement of the case in time for plaintiff to have the ten days provided by statute (§ 298, Code Civ. Proc.), within which to propose amendments thereto, if he desired, before the 1st of April. Afterwards, on the eleventh day of April, 1891, no amendments having been proposed by plaintiff, defendant presented said statement on motion for a new trial to the judge of said court for settlement and allowance, and he settled, allowed, and certified the same. But when the motion for new trial was called up for hearing, after notice to plaintiff, the court refused to hear said motion, and did not hear and pass upon the same until after the case was remanded by this court in the former appeal, cited *supra.*

The only question now before us concerning this point of practice will be determined by a construction of said stipulation. It appears from the record that said stipulation was made in open court, and from the recital it seems that no formal writing was signed by the parties stipulating; but a brief entry appears to have been made in the minutes of the court, to the effect "that

defendant have until **April 1st** to make and serve statement and bring on motion for a new trial."

We think that the court ruled correctly in holding that said statement ought not to be settled or allowed, and that the motion for a new trial ought not to be heard on the 1st of April, because the statement was served on the 31st of March, and plaintiff was entitled to ten days within which to propose amendments, if desired. There would be no difficulty in construing the stipulation if the last clause had not been incorporated therein. The provision to "bring on motion for new trial" was superfluous, because the law provides what shall be done in that respect as soon as the statement of the case is settled and filed. (§ 299, Code Civ. Proc.) Moreover, the matter of bringing on for hearing the motion for new trial was not entirely within the control of the parties stipulating. The time for hearing said motion was largely within the control of the court, subject to the provisions of the statute; and either party could move the hearing as soon as the statement was settled and filed. The object of the stipulation was evidently to extend the time allowed for preparation and service of the statement of the case. The only date set for this was April 1st, and said statement was prepared and served before that date. We think it is fair to presume that defendant's counsel understood from said stipulation that they were allowed until April 1st to make and serve the statement. They then sought to comply with the other condition by bringing on the motion for hearing, but at the same time signified their desire that their adversary be granted such reasonable time as he desired to propose amendments. Inasmuch as we regard the clause in said stipulation as to the bringing on the motion for new trial as superfluous matter, not properly within the subject of said stipulation, we shall construe it without reference to that clause. However, whether said clause is considered or not, we think, where parties have entered into a stipulation of this nature, we should apply the rule of construction expressed in section 636 of the Code of Civil Procedure, which provides that, "when different constructions of a provision are otherwise equally proper, that is to be taken which is most favorable to the party in whose favor the provision was made."

We proceed to the consideration of the grounds assigned

upon which appellant insists a new trial ought to be granted. It is contended that the evidence introduced upon the trial is insufficient to justify the verdict, in that there is no evidence to support the allegation of the complaint that " defendant carelessly and negligently, and without warning to plaintiff, backed or ran an engine against said car, so as to set the same in motion," and carelessly and negligently ran the same " upon and over plaintiff." Appellant insists that there was no evidence introduced which proves or tends to prove negligence on the part of appellant in setting said car in motion, or the lack of notice or warning to plaintiff that said car was about to be moved. In order to properly consider this assignment, we will carefully set down all portions of the evidence in the record bearing in any manner upon the question of negligence. George Sweeny, the plaintiff, and the only witness who testified on his behalf in the opening of the case, in speaking of the circumstances in relation to the moving of the car, whereby he alleged he was injured, testified to the following effect: "I was sent to work under Mr. Williams. He was foreman over the car repairers. Mr. Spry sent me, and told me to do what Williams told me. I was employed on the evening of the 28th. I was sent to work under this man Williams the next morning, about seven o'clock. Mr. Williams gave me a monkey-wrench, and told me to screw up some bolts in the first place. Then he called me over, and showed me a brake that was off the car, and told me to get under there, and put it on. The car was standing in the middle of fifteen or twenty cars on the side track. I saw an engine on the coal track, but no other, except an engine that passed me on the main track while I was under the car. I did not notice any engine attached to the cars on which I was working. I got under the car as Mr. Williams directed. Mr. Williams left me, then came back, got under the car, talking with me while I was on my knees. I was under the car, working at the brakes, screwing up some nuts. The brake is a heavy wooden bar, that has two shoes on it, that set up against the wheels when the brake is turned on. I was sitting on my knees and feet, and this wooden bar was about over my knees, and about six inches from the ground. While I was there, the cars began moving suddenly over me,

and this brake-beam caught me and bound me. It seems as though it hit me on the shoulder first, and hit me on the knees. From where I was situated under the car it was impossible for me to see an engine if one came down the track at either end of the cars I was working on. I was working in the middle of the track, screwing up a bolt that runs right through the center of the brake-beam. I was sitting on the ties. The brake-beam was about six inches above the ties — about up to my hips. The beam probably did not strike my shoulders first, but I seemed to feel the pain there. The brake was not set at the time. I was just finishing putting it on. I could not describe how the brake-beam is attached to the car. I think it was hung by links. A train passed me on the main track, but I thought nothing about that. I noticed an engine working up at the coal-dump. I did not pay any particular attention to it. The engine at the coal-dump was a little ahead and to the side of me."

Throughout the whole narrative of the plaintiff's testimony, the only evidence tending to prove that the car in question was moved without timely warning to plaintiff is found in his statement that he was so situate under said car that he could not see an engine approaching on that track from either direction. But, giving this fact full weight, still it does not appear that plaintiff was not warned, by means other than his own observation, of the approach of an engine, or that said car was about to be moved. Plaintiff rested without further proof bearing on the allegation of negligence on the part of defendant in moving said car. At this juncture the defendant moved the court for the nonsuit off plaintiff's action, on the ground, among others, that plaintiff had failed to prove the essential allegation of negligence on the part of defendant in reference to the acts whereby plaintiff alleged he was injured. This motion was denied. Thereupon defendant introduced certain witnesses, who testified in its behalf. If there is found in the evidence introduced by defendant testimony tending to prove negligence on its part in the matter under inquiry, this evidence will inure to the benefit of the plaintiff. But, pursuing the narrative of the evidence to its close, we find that the required evidence tending to prove that said car was moved without notice or warning to plaintiff is still unsupplied. An engineer, H. Gorham, who testified on behalf of defendant,

said he was operating an engine switching cars on the side track of defendant's road at the time, and in the vicinity where plaintiff was, when the alleged injury occurred; and in this connection he says: "On starting the engine, my bell was ringing in the vicinity where plaintiff claims to have been injured." George Williams, who directed plaintiff where to work, also testified that he was at the end of the brake on which plaintiff was working when the train pulled in, which, as it appears, moved said car under which plaintiff was working. This witness says he jumped out, and signaled the train to stop. But still it does not appear that Williams and plaintiff both were not given timely notice of the approach of said train. For aught that appears in the evidence, such warning may have been given and not heeded. The evidence in this case is brief, and upon this point of negligence there is, without doubt, a failure in the proof. We therefore must hold that the essential allegation of the complaint that defendant was negligent and careless in moving the car, whereby plaintiff alleges he was injured, was not supported by evidence; and, inasmuch as negligence on the part of defendant must have been found by the jury in returning the verdict for plaintiff, it follows that the evidence is insufficient to support the verdict.

It is contended by the learned counsel who appeared in this court for respondent that the allegation of negligence contained in the complaint is admitted by reason of an imperfect or pregnant denial thereof. The language of the answer to which this criticism is directed has been quoted in the above statement of pleadings. The form of some of the denials contained in the answer is obnoxious to the rulings of pleadings (Bliss on Code Pleading [2d ed.], § 332); but it is apparent from the record that this case was tried on the theory that the denials were sufficient. The answer was so treated throughout the proceedings by both parties and the court. Not only so; the court, in instructing the jury, construed the defendant's answer as follows: "The defendant admits that on or about the twenty-ninth day of October, 1890, it employed the plaintiff above named as car repairer, to work in and about its yards at the terminus of its road in this county; and admits that on that day the plaintiff was engaged at his work on one of the cars of defendant.

But it puts in issue the allegation of the complaint that the defendant carelessly and negligently, and without warning whatever, backed and ran an engine against said car, as alleged in the complaint. It also denies that the plaintiff sustained any injuries whatever by reason of carelessness or negligence on the part of defendant, and alleges further, as a defense, that if any injury was sustained by plaintiff at the time named, it was caused by the carelessness and negligence of the plaintiff himself."

This question as to the sufficiency of defendant's answer, being raised here for the first time, comes too late to be considered in determining the question presented in this appeal, relating to issues which were deemed to have been raised by the answer, and tried and found upon by the jury. (*Orr* v. *Haskell*, 2 Mont. 225; *Fabian* v. *Collins*, 3 Mont. 215; *Territory* v. *Cox*, 3 Mont. 203; *Russell* v. *Hoyt*, 4 Mont. 414; *Beck* v. *Beck*, 6 Mont. 285; *Hogan* v. *Shuart, ante,* p. 498.)

As to the other assignments of error, there would be no useful purpose subserved by pursuing the consideration of them, inasmuch as the case must be remanded for new trial for the reasons above set forth.

It is therefore ordered that the judgment be reversed and the cause remanded, with directions to the trial court to grant appellant's motion for new trial.

*Reversed.*

BLAKE, C. J., and DE WITT, J., concur.