AULTMAN, MILLER CO. v. ANDY JONES.

Opinion filed February 1, 1906.

**Appeal — Court Will Not Review the Excusing of a Juror Unless the Examination Is Preserved.**

1. Under the rule that a party urging error must present a record of the facts upon which the error is predicated, this court will not review the trial court's action in excusing a juror when the record contains merely the exception, and wholly omits the examination and challenge.

**Same — Error Without Prejudice.**

2. Error without prejudice in the order of eliciting evidence is not ground for reversal.

**Same — Incompetent Evidence to Prove Admitted Facts.**

3. The admission of incompetent evidence which tends merely to prove facts that are expressly admitted in the pleadings, is not prejudicial, and is not, therefore, reversible error.

Appeal from District Court, Pierce county; *Cowan, J*

Action by Aultman, Miller & Co. against Andy Jones. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Burke & Middaugh* and *A. E. Coger,* for appellant.
*Guy L. Whittemore, H. Steenerson and Charles Loring,* for respondent.

YOUNG, J.   The plaintiff brought this action to recover the sum of $806.60, which sum the plaintiff alleges the defendant collected from certain notes left with him by it for collection and failed to account for.   The answer admits the receipt of the notes, but alleges that all moneys collected were paid to the plaintiff and that all notes remaining unpaid were returned.   The jury returned a verdict for plaintiff for the amount claimed.   This appeal is from the judgment.

All of the three alleged errors which are urged as grounds for reversal are without substantial merit.   The first assignment is that "the court erred in excusing Juror Haugen."   The abstract does not present a record upon which this assignment can be reviewed.   It merely presents the defendant's exception, and does not contain the examination of the juror or the challenge which was interposed.   Under the rule that an appellant, to secure a

review of an alleged error, must present a record of the facts upon which the error is predicated, the assignment is not reviewable. The defendant was called by the plaintiff as an adverse witness. In the course of his examination, after denying that a certain letter to the plaintiff (Exhibit 3), which purported to bear his signature, was not in fact signed by him, he was asked this question: "Q. Look at Exhibit 3. If that is not your signature, who wrote that signature? It's your name?" Defendant's counsel objected to the question "as calling for a conclusion of the witness, no foundation laid for it." The objection was overruled and exception taken. The witness answered: "That is a man named McIlvain." This ruling is assigned as error. The assignment has no merit. The objection goes to the formal order in which the testimony was elicited. The question assumed that the defendant knew who wrote the signature. Properly he should have first been asked if he knew who wrote it. His answer, however, stating positively who wrote it, cured this impropriety in the question and the error was without prejudice.

It is urged, finally, that certain incompetent evidence was admitted to show that the defendant did not turn over to the plaintiff the moneys collected by him and return the uncollected notes. This contention is not sustained by the record. R. H. Wright, a witness for plaintiff, after testifying that he was the treasurer of the plaintiff company during all of the time here in question, and had charge of all of the financial part of its business and the keeping of all book accounts with its agents and the collection of all bills receivable, testified that "nothing had been received by the plaintiff either in the shape of the return of the notes, renewal notes, or the cash, and the full amount of the notes is still there." J. D. Palmer, who was employed in the collection department and charged with the duty of superintending collections and overseeing this work, testified to the same effect.

The chief argument of counsel under this assignment is directed against the admission in evidence of a copy of plaintiff's ledger account with Jones in connection with the testimony of the witness Wright, which was taken by deposition. This witness, among other things, testified as follows: "The collection account of Andy Jones in the original books of entry of Aultman, Miller & Co. is in Ledger G3, folio 372, which is before me, and I herewith produce an exact copy of that account as nearly as it can be made, which

copy I have carefully prepared and which I hand to the stenographer to attach to my deposition, marking it 'Exhibit A.' " Proper objection was made to the introduction of the copy. Whether, under the circumstances, the admission of this sworn copy was error as against the objection that it was not the best evidence, we need not determine. It furnishes no ground for reversal in any event. The abstract describes this exhibit as "a copy of the record of notes purporting to have been sent to Andy Jones for collection." As already stated, the receipt of the notes is admitted by the defendant's answer. It is clear that prejudice could not result from the admission of incompetent evidence of a fact that is expressly admitted. The sufficiency of the evidence to justify the verdict is not challenged by any specification.

The record presents no ground for reversal, and the judgment must be affirmed, and it is so ordered. All concur.