(107 N. W. 1085.)

---

S. J. VIDGER COMPANY v. GREAT NORTHERN RAILWAY COMPANY.

Opinion filed May 22, 1906.

**Error Without Prejudice Does Not Warrant Reversal.**

Error in the admission of testimony which the record shows was not attended by prejudice, affords no ground for reversal.

Appeal from District Court, Cass county; *Pollock,* J.

Action by the S. J. Vidger Company against the Great Northern Railway Company. Judgment for plaintiff and defendant appeals.

Affirmed.

*Murphy & Duggan,* for appellant.

Party offering secondary evidence must show that better cannot be produced. McManus v. Commow et al., 10 N. D. 340, 344, 87 N. W. 8; Wigmore on Evidence, sections 1201, 1202; Bell v. Chandler, 23 Ga. 356; McCollister v. Yard et al., 57 N. W. 447; Darrow v. Pierce, 51 N. W. 813; Dade v. Aetna Ins. Co., 56 N. W. 48; Tanner v. Page, 63 N. W. 993.

Notice to produce must be definite, and leave no doubt as to the instrument sought. France v. Lucy, Ryan & M., 341; Parish et al. v. Weed Sewing M. Co., 7 S. E. 138; Field v. Zemansky, 9 Ill. App. 479; Forsyth Comm'rs v. Lemly, 85 N. C. 341; Julius King Optical Co. v. Treat, 40 N. W. 912; Armstine et al. v. Treat, 39 N. W. 749; Rose v. King, 5 S. & R. 241; Greenleaf on Ev., section 563.

A witness who attempts to authenticate a copy must have read the original. Edistos Phos. Co. v. Stanford, 20 So. 613; Hooper v. Chism, 13 Ark. 496, 501; Edwards v. Noyes et al., 65 N. Y. 126; Nichols v. Kingdom Iron Ore Co., 56 N. Y. 618; Propst v. Mathis, 20 S. E. 710; Coxe v. England, 65 Pa. 212, 222; Johnson v. Bolton, 43 Vt. 303; Nostrum v. Halliday, 58 N. W. 429; McGinness v. Sawyer, 63 Pa. 266.

That a notation is similar to the one on the original is insufficient. Keyser v. K. C. St. J. & C. B. R. Co., 9 N. W. 133, Id. 338; Pevcke et al. v. Shinn, 94 N. W. 135; In re Gazett, 29 N. W. 347.

*H. F. Miller,* for respondent.

In shipping freight it will be presumed that the custom of proving loss has been followed. 1 Elliott on Ev., section 64.

The sufficiency of preliminary proof to admit secondary evidence rests largely in the discretion of the court. Cooley v. Collins, 71 N. E. 979; Elliott on Ev., 689; State v. Salverson, 91 N. W. 1; 2 Elliott on Ev., section 1456. Where a document is essential as a link in the opponent's case, notice to him to produce is not a necessary preliminary to offer of secondary evidence. Nichols & Shepard v. Charlebois et al., 10 N. D. 446, 88 N. W. 80, 84.

Entries in books of bank are competent evidence, though persons making them are dead, out of the state or have no recollection. 1 Elliott on Evidence, section 465.

YOUNG, J. The plaintiff brought this action to recover $187 for damages alleged to have been caused by defendant's negligence in transporting 139 barrels of apples from Osnabrock to Hannah, in December, 1902. The complaint alleges in substance that the apples were sound and in good condition when shipped, and were of the value of $443; that in consequence of the defendant's negligence they were frozen and 11 barrels of them were broken open and the apples scattered over the car floor, by reason of which they were so injured that they were of no greater value than

$256, and prayed judgment for $187. The jury returned a verdict for $86.15. Defendant moved for a new trial upon a statement of case, which motion was denied, and judgment was entered upon the verdict. This appeal is from the judgment

The assignment of error chiefly relied upon relates to the admission in evidence over defendant's objection of Exhibit C, which is a page from what the plaintiff calls its "claimbook." The evidence shows that this book was kept by one Charles Barton. The page in question contains a statement of plaintiff's claim against the .defendant, showing the number of barrels shipped to Hannah, the alleged value of the same, date of shipment, and a statement of their value when they arrived, or rather the amount for which they were sold,' and the amount of the loss, $187, all as alleged in the complaint. It also contains the following memorandum: "Shpd by McAllen Bros. Osnabrock to W. J. Farris, Hannah, for our ac. E-B attached. Agents notation. Frozen. About 10 bbls. all over the floor. We received 2.00 per bbl. for 128 bbls. and 11 bbls. crushed and worthless." The defendant's objection goes to that part of the exhibit which relates to the condition of the apples, viz: the so-called agent's notation: "Frozen. About 10 bbls. all over tue floor." Counsel for the appellant contend that this is purely a self-serving statement, and was therefore inadmissible. We fully agree with this contention. The plaintiff's theory is that the language above quoted is a copy of an entry made by the defendant's agent at Hannah upon the freight receipt, and that for reasons we need not consider, secondary evidence of the agent's admission was admissible. An insuperable objection to this theory is that there is no evidence to identify it as a copy. Barton who made the entry in the claimbook was not called as a witness, and the witness who produced the book testified that she knew there was a notation on the freight bill, but could not state from her own knowledge that the alleged copy in Exhibit C was a true copy. She testified that she did not remember seeing what was written on it, referring to the freight receipt. Under these circumstances, if it be conceded that a sufficient foundation was laid for the introduction of secondary evidence of the agent's admission still this alleged copy was not admissible, for there was a total failure to identify it as a true copy. We are of opinion, however, that the error was not material for the record shows that the facts stated in this exhibit and purporting to be the agent's statement in reference to the con-

dition of the apples, and to which objection is made, was established at the trial by undisputed evidence. It appears that the car was billed to McAllen Bros. at Osnabrock, from Dundee, N. Y. Upon its arrival, W. J. McAllen, pursuant to a previous purchase, took 50 barrels from the car for his firm, and also, and at plaintiff's request, delivered 30 barrels more to other purchasers. He then under plaintiff's direction rebilled the car with the remaining 139 barrels to W. J. Farris at Hannah, who had agreed to take 80 barrels at $3.35 per barrel. On account of their condition Farris refused to accept them, and the defendant's agent stored them in the depot at Hannah. Plaintiff at once sent its agent, George Vidger, to Hannah, and the apples were examined by him, by Farris, and by Bolton, defendant's agent, and also by one Hart, a drayman, each of whom testified to the condition of the apples; the three last named as witnesses for defendant. McAllen in testifying to the condition of the applies at Osnabrock, stated that 10 or 11 of the barrels were broken, and the applies scattered over the car floor. Each of the witnesses previously named in testifying to the condition upon the arrival at Hannah, testified to the same fact, and also that the apples in the broken barrels and those scattered on the car floor were frozen. There is a difference in the testimony as to what extent the apples in the unbroken barrels were frozen. That the apples were frozen to a greater or less extent, and that 10 or 11 barrels were broken open and the apples scattered over the floor, is not disputed. There is then no conflict between the statement in Exhibit C and the facts as established by the undisputed evidence. There is no claim by plaintiff that all the apples were frozen or that the notation in the exhibit, "Frozen," had that meaning, and the small amount of the verdict shows that the jury did not so construe it.

Error is also assigned upon the admission of two other exhibits, A and B. Exhibit A is the plaintiff's book account of the sale of the damaged apples to Farris, showing the number of barrels, price $2 per barrel, and receipt of payment. Exhibit B is the account of the sale to McAllen Bros., showing the number of barrels sold to that firm at Osnabrock, the price, $3.25, and the fact of payment. The apparent purpose of introducing these exhibits was to show by specific sales the value of the apples at Osnabrock before they were frozen and their value at Hannah after they were frozen. Counsel for defendant contends that the admission of these exhibits

was error, and we agree with this contention. As to whether in any case evidence of the amount for which property in controversy was sold as in the case of the sale to Farris, and shown by Exhibit A, or evidence as to the amount similar property sold for, as in the case of the sale to McAllen Bros., and shown by Exhibit B, is competent upon the question of value, and upon this there is a conflict of authority (see 1 Wigmore on Ev., section 463, and cases cited), we express no opinion. It is sufficient for the purposes of this case to say that the above exhibits were at best but secondary evidence, and no foundation was laid for the introduction of evidence of that character.

We reach the conclusion, however, as in the case of Exhibit C, that the error was not material, and was without prejudice. Farris testified to buying the damaged apples at the price stated in Exhibit A, and that the price he paid "was the reasonable value of the apples at Hannah at that time," and this testimony is not disputed. W. J. McAllen testified to the purchase of the apples by his firm as shown by Exhibit B, and to his general knowledge of the value of applies and to the quality of those apples and their condition before they were frozen, and that they were worth $3.25 per barrel. True, he did not open the barrels which went on to Hannah, but he was familiar with the quality of those taken from the same car by his firm, and he examined those in the 10 or more broken barrels. Upon this showing, and in the absence of any claim that these not examined were of different quality, his testimony as to the value was competent. The value fixed by him corresponded to Exhibit B and is undisputed. There being no conflict between the undisputed evidence and the statement contained in the exhibits, no prejudice resulted from their erroneous admission. Error without prejudice does not constitute ground for reversal. Section 5300, Rev. Codes 1899; 1 Spelling on New Trial, section 689; Hayne on New Trial, section 286; Land Ass'n v. Christy, 41 Cal. 501; Aultman Miller & Co. v. Jones, 15 N. D. 130, 106 N. W. 688.

The assignments we have considered are the ones chiefly relied upon. The question raised by the remaining assignments and not covered by those we have considered are not of sufficient merit to require consideration. Finding no prejudicial error in the record, the judgment will be affirmed. All concur.